## SPENCER v. WOOLLEN ET AL.

PRACTICE.—*Pleading.*—*Striking out Paragraph.*—It is not error for the court, on motion, to strike out a paragraph of a pleading, when the evidence admissible under it may be introduced under a remaining paragraph.

SAME.—*Inspection of Papers.*—*Motion.*—A motion to require the opposite party to produce a paper for inspection should show its contents, that the court may determine its relevancy.

APPEAL from the Jennings Circuit Court.

PETTIT, J.—This suit was brought by the appellees against the appellant, on a note payable at a bank in this State to the order of D. C. Sullivan, and by him endorsed and assigned to the plaintiffs below, appellees here. Issues were formed, trial by the court, finding and judgment for the plaintiffs for the amount of the note. The case is awkwardly presented here, the plaintiffs below being placed as appellants, and the defendant below being placed as appellee, when the reverse should be their position; the defendant below having been beaten, and having appealed to this court, his name should appear in the assignment of errors as the appellant, and his adversaries as appellees; but we have made the correction in stating the case above.

The answer was in six paragraphs. A motion to strike out the sixth paragraph was sustained, because it was the same, in substance, as the fifth paragraph of the answer, and that all the evidence that could be given under the sixth, might be given under the fifth paragraph of the answer. The errors assigned are, first, "the striking out the sixth paragraph of the answer; second, overruling a motion of defendant to require plaintiffs to produce for inspection, and upon the trial, a certain letter referred to in the bill of exceptions." We have examined all the paragraphs of the answer, and are clearly of the opinion that all the evidence that could be given under the sixth was properly admissible under the fifth paragraph. The fifth paragraph sets out with great certainty the facts and circumstances to constitute a fraud in procuring the note to be given, and avers that

the plaintiffs had full notice of these facts and circumstances before they took the assignment, but does not use the words fraud, cheat, fraudulently, and to deceive, while the sixth paragraph uses these terms, which were not necessary, if the facts stated, as in the fifth paragraph, showed fraud and cheating in procuring the note to be given.

It follows that no error was committed in striking out the sixth paragraph of the answer.

As to the second assignment of error, we have only to say, that the motion to produce the letter does not show what its contents were, and the court could not see that it was material to the defence. 2 G. & H. 191, sec. 306.

We entertain no doubt, from the whole record, that the rights of the parties have been properly determined.

The judgment below is affirmed, at the costs of the appellant.

*J. D. New* and *J. E. McClelland,* for appellant.

*J. Overmeyer* and *D. Overmeyer,* for appellees.